UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUREN DALEY,

    Plaintiff,

v.                                                          Case No: 8:18-CV-1465-T-27AAS

FRANK S. BONO, ROBERT J.
SHUTTERA, GULF COAST SPINE
INSTITUTE, INC., BIOSPINE
INSTITUTE, LLC and AVION
ANESTHESIA, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 37), and Plaintiff's response (Dkt. 40). Upon consideration, the Defendants' motion (Dkt. 37) is **GRANTED**.

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but a complaint must include more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although the Amended Complaint evidences an attempt to correct some of the issues identified in the prior Order (Dkt. 32), it still includes deficiencies rendering it subject to dismissal under Rule 12(b). *See, e.g.*, Fed. R. Civ. P. 8(a). These include, but are not limited to, (1) the mere recitation of the statutory language of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collections Practices Act (FCCPA), without alleging facts to provide Defendants notice of how they violated those statutes, (2) the absence of an *ad damnum* clause in Count I, (3) the inclusion of conclusory allegations that each defendant is a "Debt collector" within the meaning of the FDCPA and FCCPA, and (4) Count VII purports to state a claim against Defendant Shuttera, but only includes allegations against Defendant Avion.

Additionally, the Amended Complaint constitutes a shotgun pleading as it incorporates all of the paragraphs of Count I in each claim for relief, making it "'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-26 (11th Cir. 2014) (quoting *Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Count 1 incorporates the fourteen paragraphs of general allegations (Dkt. 34 at p. 14), and includes an additional twenty-one renumbered paragraphs (id. at pp. 14-21). Counts II through VII, however, incorporate only the twenty-one paragraphs from Count I. See (id. at ¶¶ 22, 24, 26, 28, 30, 32).

Count I also fails to separate "into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Count I, including its header, alleges that defendants conspired to "commit a violation of the FCCPA **and/or**

2

FDCPA." See (Dkt. 34 at p. 14; (Count I) ¶¶ 2, 3, 20) (emphasis added).

Finally, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d. at 1322.[1] For instance, the Amended Complaint contains unnecessary citations to case law, as well as detailed citations and quotations to the FDCPA and FCCPA. See (Dkt. 34 at ¶¶ 5, 6, 7, 8, 13, 14). And the Amended Complaint fails to make clear what conduct applies to each defendant. See (id. at Count I ¶¶ 3a-d, 12, 16, 17, 20e).

In sum, the Amended Complaint fails to conform to the requirements under Rule 8, and fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The Eleventh Circuit has recognized the impropriety of shotgun pleadings. *See id.*; *Jackson v. Bank of America, N.A.*, 898 F.3d 1248 (11th Cir. 2018).

Apparently anticipating that one or more of the claims do not include sufficient factual allegations, Plaintiff requests leave to amend. See (Dkt. 40 at p. 2) ("the undersigned would like to in standard [sic] amend the Amended Complaint"). In this Circuit, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more ***carefully drafted*** complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (emphasis added).

Accordingly, the Amended Complaint (Dkt. 34) is **DISMISSED without prejudice**. Plaintiff is granted leave to file a Second Amended Complaint within **ten (10) days** of this Order that complies with Rules 8(a), and 11(b) of the Federal Rules of Civil Procedure, and this Court's prior

---

[1] In addition, the Amended Complaint contains various typographical and grammatical errors that render it ambiguous and/or difficult to follow. *See, e.g.*, (Dkt. 34 at Count I, ¶¶ 2, 4, 12, 13, 14, 17, 18, 19, 20a, 20c, 20d, 20e, 33).

Order (Dkt. 32). Failure to do so will result in dismissal of this action without further notice.

**DONE AND ORDERED** this 20th day of August, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record