**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAUREN DALEY,**

      **Plaintiff,**

**v.**                               **Case No: 8:18-cv-1465-T-27AAS**

**DR. FRANK S. BONO, D.O., ROBERT J.**
**SHUTTERA, GULF COAST SPINE**
**INSTITUTE, INC., BIOSPINE**
**INSTITUTE, LLC, and AVION**
**ANESTHESIA, LLC,**

      **Defendants.**
_____/

**ORDER**

      **BEFORE THE COURT** is Defendants' Amended Motion for Sanctions Pursuant to Rule

11 of the Federal Rules of Civil Procedure (Dkt. 59) and Plaintiff Daley's response (Dkt. 60). Upon

consideration, the motion is **DENIED**.

**I.**      **BACKGROUND**

      The order granting summary judgment in Defendants' favor outlined the relevant facts of

this action. (Dkt. 57). In sum, Daley was injured in two automobile accidents and was referred by

her personal injury attorney to medical providers. Before being treated, she signed assignments of

benefits in favor of the medical providers as well as a letter of protection, guaranteeing payment

from the proceeds of any settlement of her personal injury claims or verdict award, to cover

medical costs not covered by insurance.

      In her complaint, she alleged the medical providers and their attorney violated the Florida

Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act

("FDCPA") by conditioning medical services on a guarantee of payment, unsuccessfully billing her insurers, sending balance statements, and enforcing the letter of protection through their attorney after her personal injury claims were settled. The first complaint brought claims against the attorney, Shuttera, for alleged violations of the FDCPA and FCCPA, and claims against the Medical Defendants for alleged violations of the FCCPA. (Dkt. 1). After the complaint was dismissed without prejudice (Dkt. 32), Daley filed her Amended Complaint, which added a claim for conspiracy to violate the FDCPA and FCCPA against all Defendants (Dkt. 34). The Amended Complaint was dismissed (Dkt. 45), and Daley filed her Second Amended Complaint (Dkt. 46).

The order granting summary judgment noted that conditioning medical services on a guarantee or enforcing a letter of protection does not violate the FCCPA or FDCPA, and there was no evidence that the medical providers overcharged for services, engaged in harassing conduct, or sent any correspondence directly to Daley, rather than her attorney. (Dkt. 57). Defendants' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure followed.[1] (Dkt. 59).

## II.     STANDARD

Under Rule 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law

---

[1] Daley does not dispute that Defendants initially served the motion in accord with Rule 11(c)(2). A letter sent to her counsel was dated July 29, 2019, which was prior to the order dismissing the first Amended Complaint. (Dkt. 59-6 at 2).

No hearing on the motion is necessary, since the record demonstrates sanctions are inappropriate. *See Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987).

or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Sanctions may be awarded under Rule 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

The inquiry under Rule 11 is "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Sanctions may be appropriate where "the plain language of an applicable statute and the case law preclude relief." *Id.* However, "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments); *Lawson v. Sec'y, Dep't of Corr.*, No. 13-12786, 2014 WL1491862, *1 (11th Cir. Apr. 17, 2014) (internal quotation marks and citation omitted) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.").

## III.    DISCUSSION

Defendants contend that Plaintiff's claims were frivolous, raising the same arguments they raised in their motions to dismiss and for summary judgment. (Dkt. 59 at 2); *see also* (Dkts. 47-49). Daley responds that it is insufficient to reargue the prior motions, that there is no evidence the claims were brought for an improper purpose, in bad faith, or for the purposes of harassment, and that the claims were not frivolous in light of the FDCPA's broad language that is to be interpreted in favor of the consumer. (Dkt. 60 at 3-4). The Court agrees sanctions are unwarranted.

First, Defendants argue that Daley's Amended Complaint did not correct the deficiencies noted in the Court's order granting the first motion to dismiss. (Dkt. 59 at 3). However, that order focused on Daley's failure to allege "debt collector" status with specificity and to connect the factual allegations to conduct that violates the FDCPA and FCCPA, rather than rely on conclusions and recitals of statutory language. (Dkt. 32). The Amended Complaint was dismissed for similar reasons. (Dkt. 45). Accordingly, it was plausible for Daley to believe that the underlying substance of the allegations was sufficient to establish a claim, especially in light of the obligation to construe the FDCPA broadly in favor of consumers. *See Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 950 (11th Cir. 2016); *see also* (Dkt. 57 at 20-22 (noting least-sophisticated consumer standard)).

Turning to the specific counts, Defendants contend "the most glaring and disturbing issue [of the civil conspiracy claim raised in the Amended Complaint] is that [it is] nothing more than an improper attempt by [Daley] to try to end-run around the definition of 'debt collector' in order to inappropriately broaden the ambit of the FDCPA to cover individuals who are not 'debt collectors.'" (Dkt. 59 at 13). Notwithstanding, courts have entertained state law claims alleging

4

conspiracy to violate the FDCPA, including against entities other than debt collectors. *E.g.*, *Combs v. NCO Fin. Sys., Inc.*, No. CIV.A. 10-5673, 2011 WL 1288686 (E.D. Pa. Apr. 5, 2011). As alleged, the "interlocking ownership" of the Medical Defendants and their relationship with Shuttera could have suggested concerted action. (Dkt. 46 ¶ 35); *see also* (Dkt. 55 at 4).

As for the alleged communications between Defendants and Daley, the Court found at summary judgment that Shuttera's letters related to debt collection and that the medical statements were a close call. (Dkt. 57 at 12). Some of the letters listed Daley as the addressee. (Id. at 13 n.10, 15 n.12). And although the Court found the frequency of letters insufficient to establish a claim, Defendants nonetheless sent several letters.

Daley's claim that "holding up the disbursement of her personal injury funds indefinitely" constituted abusive or harassing conduct appears novel and not expressly foreclosed by precedent. (Dkt. 46 ¶ 48); *see also Baker*, 158 F.3d at 524 ("The purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression."). And although she ultimately presented no evidence to support her claims of overcharging for medical services, she did provide several letters from the insurer in which it rejected the Medical Defendants' submitted claims. (Dkt. 55-1 at 23, 26, 60).

In short, Defendants contend the arguments in their motion to dismiss and for summary judgment also support Rule 11 sanctions. But a review of the case's disposition on summary judgment demonstrates that Daley raised claims that were not objectively frivolous, although the evidence and law ultimately did not support them. In any event, there is no indication the person who signed the pleadings should have been aware the claims were frivolous. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) ("The court is expected to avoid using the wisdom of

hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." (citations and modifications omitted)).

Accordingly, sanctions are inappropriate, and the motion is denied. (Dkt. 59).

**DONE AND ORDERED** this 18th day of December, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record